John MONACHINO, Plaintiff–Appellant,

v.

Sheila BAIR, Chairman, Federal

Deposit Insurance Corporation,*
Defendant–Appellee.

No. 11–721–cv.

United States Court of Appeals,
Second Circuit.

Sept. 25, 2012.

Annette G. Hasapidis, Law Offices of
Annette G. Hasapidis, South Salem, NY,
for Appellant.

Michelle Ognibene, Counsel, Federal
Deposit Insurance Corporation (Colleen J.
Boles, Assistant General Counsel, Law-
rence H. Richmond, Senior Counsel, on the
brief), Arlington, VA, for Appellee.

Present: ROSEMARY S. POOLER,
RICHARD C. WESLEY, RAYMOND J.
LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

Plaintiff appeals from the district court's
grant of summary judgment which was
entered on February 3, 2011, consistent
with the decision and order dated Febru-
ary 1, 2011, on plaintiff's suit alleging dis-
crimination, retaliation, and a hostile work
environment under Title VII of the Civil
Rights Act, the Rehabilitation Act, and the
Age Discrimination in Employment Act.
We assume the parties' familiarity with the
underlying facts, procedural history, and
specification of issues for review.

"We review a district court's grant of
summary judgment de novo, construing
the evidence in the light most favorable to
the nonmoving party and drawing all rea-
sonable inferences in that party's favor."
*Kuebel v. Black & Decker, Inc.*, 643 F.3d
352, 358 (2d Cir.2011). However, where,
as here, "no rational jury could find in
favor of the nonmoving party because the
evidence to support its case is so slight,
there is no genuine issue of material fact
and a grant of summary judgment is prop-
er." *Gallo v. Prudential Residential
Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d
Cir.1994).

We conclude that the district court prop-
erly granted summary judgment in favor
of the defendant. The district court ap-
propriately concluded that it need not de-
termine if the plaintiff had established a
prima facie case of retaliation under
*McDonnell Douglas Corp. v. Green*, 411
U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668
(1973). We need not reach the question of
whether Monachino satisfied his initial
burden because the FDIC has met its
burden to present legitimate, non-retalia-
tory reasons for the employment actions at
issue, and Monachino has failed as a mat-
ter of law to produce sufficient evidence to
permit a reasonable factfinder to conclude
that the proffered reasons are pretextual.
*See Roge v. NYP Holdings, Inc.*, 257 F.3d
164, 168 (2d Cir.2001).

Assuming a prima facie case, the FDIC
then had the burden of "articulat[ing] a
legitimate, non-retaliatory reason for the
adverse employment action." *Hicks v.
Baines*, 593 F.3d 159, 164 (2d Cir.2010)

---

* Martin J. Gruenberg, Acting Chairman, Feder-
al Deposit Insurance Corporation is automati-
cally substituted as the respondent in this case
pursuant to Federal Rule of Appellate Proce-
dure 43(c)(2).

(internal quotation marks omitted). The FDIC presented ample evidence of legitimate, non-retaliatory reasons for all of the adverse actions alleged by the plaintiff, and thus the burden shifted back to Monachino to "point to evidence sufficient to permit an inference that the employer's proffered non-retaliatory reason[s] [were] pretextual and that retaliation was a' substantial reason for the adverse employment action[s].'" *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 553 (2d Cir.2010) (citation omitted).

Monachino's attempted reliance on temporal proximity to demonstrate pretext was insufficient. While "temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation under Title VII, ... without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext.... Indeed, a plaintiff must come forward with some evidence of pretext in order to raise a triable issue of fact." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir.2010). The rest of Monachino's evidence of pretext failed to overcome his burden of persuasion under the *McDonnell Douglas* framework.

Accordingly, the judgment of the district court hereby is AFFIRMED.